*ing* v. *Radford*, 243 U. S. 46. This is not the first time that state disbarment proceedings have been challenged as lacking in procedural due process. See *Isserman* v. *Ethics Committee*, 345 U. S. 927 (dissent). Sometimes we can act on the face of the record, as where no serious issues of fact are involved. See *In re Isserman*, 345 U. S. 286, rev'd, 348 U. S. 1. But the important questions presented here turn on factual issues. The return in this case contains allegations which, if proved, would suggest that the requirements of fair procedure, without which no citizen can be deprived of his livelihood, were not satisfied in the Ohio proceedings.

These complaints that Crow makes may prove to be as fanciful as he thinks the charges against him are. But we should act only after a report of a committee that reflects none of the feelings and prejudices of the community which has condemned Crow.

No. 841. ANONYMOUS No. 14 *v.* ARKWRIGHT ET AL. Motion to dispense with printing of the petition granted. Joint motion to substitute Edward G. Baker in the place of George A. Arkwright (retired) as a party respondent granted. Petition for writ of certiorari to the Court of Appeals of New York denied. *David T. Berman* for petitioner. *Denis M. Hurley, Michael A. Castaldi* and *Zevie B. Schizer* for respondents.

No. 842. ANONYMOUS Nos. 16 AND 17 ET AL. *v.* ARKWRIGHT ET AL. Motion to dispense with printing of the petition granted. Joint motion to substitute Edward G. Baker in the place of George A. Arkwright (retired) as a party respondent granted. Petition for writ of certiorari to the Court of Appeals of New York denied. *David T. Berman* for petitioners. *Denis M. Hurley, Michael A. Castaldi* and *Zevie B. Schizer* for respondents.